## Chicago Board of Underwriters

v.

## Chicago & Eastern Illinois Railway Company
### et al.

*Railroads—Negligence of—Collision at Grade Crossing—Lights Improperly Displayed—Personal Injuries—Contributory Negligence.*

In an action brought to recover damages for injuries to a team, received in a collision at a grade crossing, this court holds, that upon the case presented, the plaintiff's teamster was negligent in running into

defendant's train, although the disposition of the red lights at the crossing indicated that the gates were open.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

At half past five o'clock on the morning of the 28th of January, 1890, a team of the Fire Insurance Patrol, on its way to a fire, in going over the crossing of The Western Indiana and The Chicago & Eastern Illinois railroads and 25th street, ran into a passing freight train belonging to appellee. The driver of the team knowing, as he says, that there was a watchman and gates at this crossing, looked for the red lanterns hung upon the gates, and seeing that they indicated that the gates were open, drove on at a gallop. The night was foggy and those upon the patrol wagon were unable to see the train slowly passing the crossing, until, at the pace at which the team was moving it was too late to avoid a collision. The team ran into the train with such force that one of the horses was killed and the other so injured that it had to be shot. Appellant, the owner of the team, brought suit to recover the value of the horses; the court, jury being waived, found for the defendant, and the plaintiff below brings this appeal.

Mr. WILLIAM A. GARDNER, for appellant.

Mr. W. H. LYFORD, for appellees.

WATERMAN, P. J. The determination of the court below must have been based upon the conclusion to which it came upon the question of fact involved, viz., was the injury caused by the negligence of appellee, and was appellant exercising ordinary care at the time of and prior to the accident? We see no sufficient reason for interfering with the finding of the court as to this matter. Railroad companies are and ought to be held to the exercise of great care and

diligence in respect to their passage over grade crossings; and if the gates being open and appellant driving on, had been run into by one of appellee's trains, the right of appellant to recover would apparently have been clear. Open gates are doubtless a signal that it is safe to cross; but one can not because of such a signal rush on regardless of the evidence of his senses that there is an obstruction in the way. The raising of the gates is not an invitation or a license to attempt to drive a pair of horses over a freight train. Hardly any one would contend that, in clear daylight to drive at a gallop with a wagon weighing 4,000 pounds, against a freight car, could be considered the exercise of ordinary care. We do not think that the case is materially altered by the fact that the rush was made during a dark and foggy night.

Care must be such as the circumstances demand. Had appellant's team under the circumstances ran on to a private coach slowly passing over the crossing, appellant would have been liable for the damage done. The authorities cited by appellant are applicable to cases wherein one in passing over a grade crossing is struck by a moving train; they are not to be construed as warranting one in dashing madly along a highway at a rate of speed that renders it impossible for him to avoid carriages having the same right to the road that he has. We are not disposed to relax the rule that requires railroad companies to exercise great diligence for the protection of the public at grade crossings; but we do not think that the safeguards thrown around human life would be increased by a rule enabling parties driving at a gallop, to recover damages from those into whose carriages, standing upon the highway, they happen to run.

The court was asked to hold the following, submitted as, and misnamed, a proposition of law.

Where a railroad company erects and maintains gates at "railroad crossings, and a person to manage them, in a populous portion of the city, parties approaching such crossing, or about to cross, have a right to presume, in the

absence of knowledge to the contrary, that the gateman is properly discharging his duties, and it is not negligence on the part of the person so approaching a gate to act on the presumption that he is not exposed to danger which would arise only from a disregard by the gateman of his duties; and that an open gate, with a gateman in charge, is notice of a clear track and safe crossing; and it is not negligence on the part of a person so approaching the crossing with a team, to drive at a trot or pass on the track from the open gate without stopping to listen."

This the court modified by adding thereto, " provided at time person is about to cross, the train was not occupying the crossing."

As applicable to the facts of this case, we think the modification entirely proper. It is quite evident that the freight train was occupying the crossing when appellee attempted to cross; the darkness of the night made it the duty of appellee to move at a pace which would enable its driver to avoid running into carriages whose right to be in the road was equal to that of any one.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*